BLANCHARD v. PACIFIC ROLLING–MILL CO.

No. 15,430; April 24, 1894.

36 Pac. 584.

**Goods Sold to Arrive by Ship—Delivery—Delay—Expenses.**— Where plaintiff sold to defendant iron, to arrive by a certain ship, then on her way—the iron to be delivered at defendant's wharf, and received by him, as discharged—defendant is liable to plaintiff for the necessary charges paid by him for the use of the ship and wharfage while awaiting, after arrival, opportunity to discharge, defendant's wharf being occupied by other vessels.

APPEAL from Superior Court, City and County of San Francisco; Eugene R. Garber, Judge.

Action by J. O. Blanchard against the Pacific Rolling-mill Company. Judgment for plaintiff. Defendant appeals. Affirmed.

T. Z. Blakeman for appellant; Page & Eells for respondent.

GAROUTTE, J.—Macondray & Co. sold to defendant, Pacific Rolling-mill Company, five hundred tons of scrap iron, to

arrive by ship "Titan," then on her way to San Francisco from Hongkong, said iron to be delivered to defendant at defendant's wharf, and received by purchaser from the ship's side when discharged. The ship arrived in due course, and defendant was notified that the iron was on board, ready to be discharged, but, owing to the fact that defendant's wharf was occupied by other vessels, Macondray & Co. were unable to deliver the iron for several days after its arrival, and after the ship was ready to discharge it. Owing to this delay Macondray & Co. were compelled to pay the owners of the ship for the use thereof while said iron remained in the hold awaiting discharge and delivery, and also were compelled to pay an additional amount for wharfage, the entire sum being $724.70. The plaintiff, as assignee of Macondray & Co., sued the defendant and appellant for the amount of money so expended. This amount so paid to the master of the ship was found by the court to be a reasonable charge for such use. The foregoing facts are all substantially found by the court, and we think the evidence is entirely sufficient to sustain the findings as to such matters. The case of Dibble v. Corbett, 5 Bosw. (N. Y.) 202, seems to be directly in point as to all the questions here involved. In that case the following instruction of the court was upheld: "The rule of damages in this case does not depend upon the charter-party of the schooner, but the plaintiff's right to have simply the necessary expenses of taking care of the property, and keeping it, during the period of unreasonable delay, and nothing more can be recovered." And again: "It does not excuse the defendants for delay in receiving the goods that their vessel was not in readiness to receive them. If the defendants designated the 'Valleyfield' as the ship to receive the goods, and that vessel was not ready, it was their duty to find another, or receive the goods at some other place": See, also, Story on Sales, secs. 394, 404. If Macondray & Co. were liable to the owners of the vessel for the use of the hold for storage purposes, then this defendant is liable to Macondray & Co. to the same extent, for such would be the amount of damage actually suffered by them. The evidence discloses that the charge made by the owner of the ship was a customary charge, and also a reasonable charge, under the circumstances of the case; and, as we have seen, the court finds the charge

to be a reasonable one. We think the liability of Macondray & Co. to the master of the ship necessarily follows from these facts, and, such liability existing, the liability of the defendant to Macondray & Co. follows, as a matter of course. For the foregoing reasons it is ordered that the judgment and order be affirmed.

We concur: Harrison, J.; Paterson, J.